IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01948-PSF-PAC

MARKWEST HYDROCARBON, INC.;
MARKWEST ENERGY PARTNERS, L.P.; and
MARKWEST ENERGY APPALACHIA, L.L.C.,

    Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY;
BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA;
ARCH INSURANCE COMPANY; and
ACE AMERICAN INSURANCE COMPANY,

    Defendants.
_____

## STIPULATED PROTECTIVE ORDER
_____

Plaintiffs Markwest Hydrocarbon, Inc., Markwest Energy Partners, L.P., and Markwest Energy Appalachia, L.L.C. ("Markwest") and Defendants Liberty Mutual Insurance Company, Birmingham Fire Insurance Company of Pennsylvania, Arch Insurance Company, and Ace American Insurance Company ("Defendants"), respectfully ask that the Court adopt this *Stipulated Protective Order* as an order of this Court to apply to all information disclosed during the course of this action, including information disclosed during discovery or hearing; in any document, affidavit, brief, motion, transcript, or other writing; or in testimony given in any deposition, hearing, proceeding, or trial (the "Discovery Material") produced by or obtained from any party

or third party from whom Discovery Material may be sought (the "Producing Party") during this litigation.

1.  <u>Designation of Discovery Materials as "Confidential"</u>:  As used herein, the term "Confidential Discovery Material" means any discovery materials stamped "Confidential" by the Producing Party that are: (i) trade secrets; (ii) contain personal or privileged information or (iii) other confidential research, development, or commercial information, as such information has been defined pursuant to Fed. R. Civ. P. 26(c)(7). Any Confidential Discovery Material that reaches the public domain through the actions of, or with approval of the party that owns such material shall cease to be Confidential Discovery Material without further action by the parties hereto.

2.  <u>Manner of Designation of Confidential Discovery Material</u>:

    (a) <u>Documents or other materials (apart from depositions or other pretrial testimony)</u>: by affixing the legend "Confidential" to any pages containing any Confidential Discovery Material.

    (b) <u>Depositions or other pretrial testimony</u>: (i) by statement on the record, by counsel, at the time of such disclosures; or (ii) by written notice, sent by counsel to all parties, within twenty (20) business days after receipt of a copy of the final transcript. Until expiration of the twenty (20) business day period, all deposition or other pretrial testimony shall be deemed "Confidential" and treated as if so designated.

3.  <u>Disclosure of Confidential Discovery Material</u>:  Discovery Material designated "Confidential" may be disclosed or made available, in whole or in part, only to the following persons, and only to the extent reasonably necessary for purposes of this litigation:

    (a) inside or outside counsel to the parties in this action, or any attorneys or staff - including without limitation clerical, paralegal and secretarial staff -employed by such counsel;

    (b) directors, officers and employees of the parties, or, any subsidiaries or affiliates of the parties;

    (c) trial or deposition witnesses and their counsel, during the course of or in preparation for depositions or testimony in connection with this action;

    (d) any person who is identified as the author or recipient of a document designated as Confidential Discovery Material, provided, however, that a person eligible to view or receive Confidential Discovery Material only under this paragraph may view or receive only Confidential Discovery Material that he or she authored or on which he or she is identified as a recipient;

    (e) experts or consultants (including their employees, associates, support staff, and other persons retained by them for assistance)

          specifically retained by the parties for purposes relating to this litigation;

(f)     private court reporters and stenographers;

(g)     the Court, persons employed by the Court, the jury (if any) or stenographers transcribing the testimony or argument at a hearing, trial or deposition in the action or appeal thereof;

(h)     any other person only upon order of the Court or with the written consent of the Producing Party;

(i)     reinsurers and reinsurance intermediaries; and

(j)     the parties' respective auditors.

4.     <u>Agreement to be Bound by Stipulated Protective Order</u>: Prior to disclosure of Confidential Discovery Material pursuant to paragraph 3 above, each person to whom disclosure is made, except those identified in subparagraph 3(a) through (d), and (g) above, shall be informed by the disclosing party of the existence of provisions of this Stipulation and Order. Any person identified in subparagraph 3(e), (f), and (h) to whom disclosure is made shall agree to be bound by the terms stated in this Stipulated Protective Order by executing a confidentiality agreement substantially in form of the attached Exhibit "A". Original copies of the signed confidentiality agreements shall be obtained and retained by counsel of record of the party who was responsible for permitting access to the Confidential Discovery Material.

5. <u>Objection to Designation of Discovery Material as "Confidential"</u>:  If any party objects to the designation of any Discovery Material as "Confidential", the party shall state the objection by letter to counsel for the Producing Party. If the objecting party and the Producing Party are then unable to resolve the objection after a good faith effort to do so, the objecting party may move the Court for an order removing the disputed designation. Until the Court rules on any such motion, the Discovery Material shall continue to be treated as Confidential Discovery Material pursuant to this Stipulated Protective Order.

6. <u>Filing Confidential Discovery Material with the Court</u>:  When Confidential Discovery Material is included with or the contents thereof disclosed in any pleadings in this case, the pleadings shall be filed under seal, unless the Producing Party agrees to waive the protections of the Stipulated Protective Order. Any documents filed under seal shall be kept under seal until further order of the Court. Any portion of a transcript of a deposition or other testimony that reflects or contains Confidential Discovery Material shall be subject to the terms of this Stipulated Protective Order, and if filed with the Court, the portion containing the Confidential Discovery Material shall be filed under seal.

7. <u>Confidential Status Retained</u>:  In the event that any Confidential Discovery Material is used in any court proceeding in this litigation, that Confidential Discovery Material shall keep its status as Confidential Discovery Material. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

8. <u>Response to Subpoena or Other Legal Process</u>: If any person receiving documents covered by this Stipulated Protective Order is served with a subpoena, request for production of documents, or other similar legal process in another proceeding (including any proceeding before any other court, regulatory agency, law enforcement or administrative body) seeking Confidential Discovery Material, that person shall give timely notice to the Producing Party in order to provide the Producing Party with a reasonable opportunity to assert any objection to the requested production. If the Producing Party objects to the production, the Producing Party's Confidential Discovery Material shall not be produced except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The Producing Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the recipient of Confidential Discovery Material or anyone else covered by this Stipulated Protective Order to challenge or appeal any such order requiring production of Confidential Discovery Material covered by this Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from this Court.

9. <u>Return or Destruction of Confidential Discovery Material</u>: Within thirty (30) days after a judgment or dismissal in this litigation becomes final and non-appealable, all persons having received Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or destroy all such Confidential Discovery Material and

certify that fact. Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and exhibits and attorney work product provided that such counsel, and employees of such counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential Discovery Material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

      10.    <u>Inadvertent Disclosure</u>:  The inadvertent production of any Discovery Material without a confidentiality designation will not be deemed to waive a later claim as to the confidential nature of such Discovery Material, nor shall it be deemed to stop the Producing Party from designating such Discovery Material as Confidential at a later date. Disclosure of said Discovery Material by any party prior to such later designation shall not be deemed a violation of the provisions of this Stipulated Protective Order, provided, however, that the party that disclosed the redesignated material: (a) shall not make any further disclosure or communication of such redesignated material except as provided for in this Stipulated Protective Order; (b) shall take reasonable steps to notify any persons known to have possession of such redesignated material of the effect of such redefinition under this Stipulated Protective Order; and (c) shall promptly endeavor to procure all copies of such redesignated material from any persons known to have possession of any such redesignated material who are not entitled to receipt under paragraph 3 above.

11. <u>Unauthorized Disclosure</u>:  If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure of such Confidential Discovery Material by each unauthorized person who received such information.

12. Nothing contained in this Stipulated Protective Order shall preclude any party from using without restriction:

> (a) its own Confidential Discovery Material; and
>
> (b) material available to the public or lawfully obtained in some manner other than by, and independent of, this litigation, even if said material is the same as or refers to Confidential Discovery Material.

13. Nothing in this Stipulated Protective Order shall preclude any party or non-party from seeking any alternative or additional protection with respect to the use or disclosure of any Discovery Material.

14. Nothing in this Stipulated Protective Order shall restrict any counsel from rendering advice to clients with respect to this litigation or, in the course thereof, from relying on Confidential Discovery Material, provided that in rendering such advice, outside counsel shall not disclose Confidential Discovery Material other than in a manner provided for in this Stipulated Protective Order.

15.    This Stipulated Protective Order shall remain in force and effect and shall survive the termination of this litigation, including any appeals or settlement, unless and until it is modified or superseded by written agreement of the parties or by order of the Court.

16.    This Stipulated Protective Order may be executed in counterparts, and each counterpart, when executed, shall have the effect of a signed original. Photographic and facsimile copies of such signed counterparts may be used in lieu of the originals for any purpose.

DATED April 24, 2006.

BY THE COURT:

*s: Phillip S. Figa*

_____
Phillip S. Figa
United Stated District Judge