**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Phillip S. Figa**

---

**Civil Action No.: 05-cv-01948 PSF/PAC**

MARKWEST HYDROCARBON, INC.,
MARKWEST ENERGY PARTNERS, L.P.,
MARKWEST ENERGY APPALACHIA, L.L.C.

Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY;
BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA;
ARCH INSURANCE COMPANY; AND
ACE AMERICAN INSURANCE COMPANY,

Defendants.

---

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO MARKWEST'S MOTION TO COMPEL RIMKUS DOCUMENTS FOR *IN CAMERA* REVIEW**

**TO: Thomas D. Leland, Esq., HALE FRIESEN LLP, 1430 Wynkoop Street, Suite 300, Denver, CO 80202; and Edward M. Joyce, Esq. and Helene Landau Cartaina, Esq., HELLER EHRMAN, LLP, Times Square Tower, 7 Times Square, New York, NY 10036.**

COMES NOW the Defendants, Liberty Mutual Insurance Company, Birmingham Fire Insurance Company of Pennsylvania, Arch Insurance Company and Ace American Insurance Company (collectively "Defendants"), through their attorneys, submit this

Memorandum in Opposition to MarkWest's Motion to Compel Rimkus Documents for *In Camera* Review.

**FACTUAL AND PROCEDURAL BACKGROUND**

Rimkus Engineering was retained by the defendant insurers to assist in the adjustment of the claim as well as for purposes of anticipated litigation. Rimkus Engineering has not been identified by the Defendants as testifying experts pursuant to Rule 26 in this litigation. Pursuant to Plaintiff's request, all documents from the Rimkus Engineering file which were provided to the insurers have been produced to MarkWest. Defendants withheld from production internal communications between engineers at Rimkus and communications describing or involving conversations with attorneys for the defendant insurers. The Court previously ruled that such communications are not discoverable.

In this Motion, MarkWest is attempting to create an issue where none exists. The Court has previously determined that the documents from the Rimkus Engineering file which were not provided to the insurers need not be produced. The documents withheld from discovery as listed in the privilege log cited in MarkWest's Motion to Compel, include only communications that were not provided to the defendant insurers companies. The documents describe conversations with counsel for the Defendants, which are protected by the attorney-client and work product privileges and also include internal Rimkus communications. Since Rimkus has not been designated as a testifying expert, the documents are protected from discovery.

**ARGUMENT**

Plaintiff MarkWest cites no authority in support of its contention that the Rimkus documents are subject to discovery. MarkWest ignores the fact that the engineers from Rimkus have not been designated as testifying experts. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, discovery from non-testifying experts, such as Rimkus, is not allowed.

In addition, the authority relied upon by MarkWest in support of its Motion concerns discovery of reports and witness statements provided to an insurer and which become the ordinary business records of the insurer. This is not the case in regard to the Rimkus documents. The Rimkus documents withheld from production were not communicated to the insurers and, therefore, are not business records of the insurers. All documents from Rimkus which were available to the insurer have been produced to MarkWest.

The Court already ruled on this Motion and determined that only communications between consultants such as Rimkus which were provided to the insurers need be produced. In the hearing on August 24, 2006, the Court specified:

> In terms of third-party consultants, engineering firms and others that have valuated this claim, I will allow communications between those consultants and the insurers to be produced, but not communications that were made directly to or from counsel for the Defendants and the evaluators of the claim.

*(Transcript of August 24, 2006 Hearing, p. 23).*

As the Court noted, communications which were not available to the insurers need be produced for *in camera* Review. Since Defendants did not withhold from production

any documents that were provided to the insurers by Rimkus, there are no documents for review by the Court.

**CONCLUSION**

Defendants request the Court deny MarkWest's Motion to Compel Rimkus Documents for *In Camera* Review and award defendants their fees and costs incurred in responding.

Dated: September 19, 2006.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: s/William A. Webster
William A. Webster

David S. Evinger
Scott G. Johnson
Jessica S. Williams
800 LaSalle Avenue
2500 LaSalle Plaza
Minneapolis, MN 55402
(612) 349-8500
dsevinger@rkmc.com
wawebster@rkmc.com
sgjohnson@rkmc.com
jswilliams@rkmc.com

and

WHITE AND STEELE, P.C.
John M. Palmeri jpalmeri@wsteele.com
Franz Hardy fhardy@wsteele.com
950 Seventeenth Street, 21st Floor
Denver, CO 80202
Telephone: (303) 296-2828

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

Case Name: Markwest Hydrocarbon, Inc., et al. v. Liberty Mutual Insurance Company, et al.

Case No. 05-cv-01948-PSF/PAC

I hereby certify that on September 19, 2006 I served via ECF:

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO MARKWEST'S MOTION TO COMPEL RIMKUS DOCUMENTS FOR *IN CAMERA* REVIEW**

to counsel listed below:

Thomas D. Leland, Esq.
HALE FRIESEN LLP
1430 Wynkoop Street
Suite 300
Denver, CO 80202
tleland@halefriesen.com

Edward M. Joyce, Esq.
HELLER EHRMAN, LLP
Times Square Tower
7 Times Square
New York, NY 10036
ed.joyce@hellerehrman.com

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

s/William A. Webster
By______________________________________
William A. Webster

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
wawebster@rkmc.com