IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01948-PSF-PAC

MARKWEST HYDROCARBON, INC., et al.

    Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY, et al.

    Defendants.

---

**SPECIAL MASTER'S ORDER**

---

    By Order dated December 15, 2006, Judge Phillip S. Figa appointed the undersigned as Special Master to hear and determine all discovery disputes presently pending or that may arise.

    Pursuant thereto, the undersigned has reviewed the Plaintiffs' First Amended Complaint; Defendants' Answer; Motion for and Stipulated Protective Order dated April 24, 2006; Plaintiffs' Motion to Compel Discovery dated August 11, 2006; Plaintiffs' Motion to Compel dated September 1, 2006 and Plaintiffs' Supplemental Motion to Compel, together with briefs and exhibits attached to each; Defendants' Brief in Opposition filed August 21, 2006; Defendants' Memorandum in Opposition filed September 19, 2006; Defendants' Memorandum in Opposition filed November 22, 2006; Plaintiffs' Reply Brief, filed September 26, 2006; Plaintiffs' Reply Brief filed December 5, 2006; Court room Minutes filed August 2, 2006, August 23, 2006, December 6, 2006, and Court Order dated December 8, 2006. In addition, I have read and examined a transcript of the hearing held August 23, 2006. Furthermore, I have studied the cases cited by the parties, copies of which were supplied by counsel to the Plaintiffs. In addition, a telephone conference was held on January 2, 2007, attended by Messrs. Leland and Joyce on behalf of Plaintiffs and by Mr. Webster on behalf of Defendants. I have not been supplied with nor have I examined the documents submitted for *in camera* review because I believe that a substantial number thereof will be dealt with by this Order. Any documents not covered by this Order May be supplied for *in camera* review by the undersigned.

    I understand that Plaintiffs may intend to file further discovery motions regarding claims apparently involving losses arising out of the subject occurrence filed by the pipeline owner. I will expect copies of any such pleadings and will rule thereon promptly.

    Based upon my review and examination of the aforementioned pleadings, briefs, applicable authorities and Orders and the aforementioned telephone conference, I make the following findings, conclusions and Orders.

I.  Documents.

It is clear from the evidence that Rimkus and GAB Robins were solely employed as part of the claims-adjusting and fact-finding process. They were not, as asserted by Defendants "non-testifying experts." Consequently, communications between employees of Defendants or counsel and those consultants are part of the claims adjusting process, not trial preparation.

Despite Defendants' argument that litigation had been contemplated during the entire process, there has been no showing that the rationale of the Colorado Supreme Court in National Farmers is not applicable here.

Litigation is not imminent merely because there is a potential claim. The Court in National Farmers held that only after the claim was denied could litigation be anticipated. National Farmers Union v. District Court, 718 P.2d 1044 (Colo. 1986). Therefore, any correspondence prior to August 31, 2005, is not work product and must be produced. Furthermore, it appears that counsel for Defendants was or may have been acting as a claims adjuster. Indeed, it appears that content of the report or factual opinion which was the basis for denial of the claim was modified as a result of communication by counsel. Again, the Colorado Supreme Court has ruled that if information contained in a communication from an attorney related to a factual investigation, it was not legal advice and is not protected by the attorney-client privilege. National Farmers, supra.

Furthermore, when an insurance company is adjusting a claim it is engaged in normal business activity. Consequently, the product of its investigations is not trial preparation material and therefore is not entitled to work product protection. Hawkins v. District Court, 638 P.2d 1372 (Colo. 1982). An insurance company may not avail itself of the work product doctrine simply because it hired attorneys to perform the factual investigation into whether a claim should be paid. National Farmers, supra.

Consequently, it is ordered that Defendants produce all communications requested by Plaintiffs, irrespective of author or recipient, dated prior to August 31, 2005. Plaintiffs have also requested seven contested documents dated after August 31, 2005. If those documents involve adjustment of the claim or factual information other than trial strategy or legal advice, they must also be produced. If counsel believes that any of those seven documents contain legal advice as opposed to normal business, any such documents may be first submitted to the undersigned for in camera review.

Defendants apparently agreed to supply any computer screens, documents or files regarding any computer system

used to track Plaintiffs' policy or claim and any internal computer communications relating thereto. To the extent that such information has not been supplied, it must be produced.

By Order dated December 8, 2006, Judge Figa vacated all prior orders and rulings related to discovery issues and required that the Special Master determine all such issues. Consequently, in order to avoid any confusion as to the present status of rulings on discovery requests, the following are the conclusions and order of the Special Master:

1. <u>Interpretive Manuals</u>. Judge Figa's earlier order shall be expanded slightly. If any documents ordered to be produced reveal that Liberty Mutual or LIU referred to any interpretive manuals or to earlier decisions regarding claims of a similar nature, such interpretive manuals or policies must be produced.
2. <u>Reinsurance</u>. Defendants were earlier ordered to produce any reinsurance contracts. Because it is possible that correspondence between such reinsurers and the Defendants could contain an assessment of risk involved, I order that any correspondence (including emails or computer screens) between Defendants and reinsurers relating to such reinsurance be produced.
3. <u>Computer screens</u>. Prints of any computer screens in any way related to policy coverage or denial of the Plaintiffs' claims must be produced.
4. <u>Factual and legal bases for defenses</u>. Defendants shall provide Plaintiffs with an explanation of the factual and legal bases for all affirmative defenses asserted.
5. <u>Tardiness of proof of loss claims.</u> Correspondence (written or electronic) relating to tardiness of proof of loss claims must be produced by Defendants if tardiness is asserted as a defense. If it is not and privilege is claimed because such correspondence took place after this action was filed Defendants may submit such documents, identified as such, for <u>in camera</u> review.

II. Deposition Questions.

Plaintiffs enumerate numerous questions of deponents which elicited instructions from counsel for Defendants not to answer based upon attorney-client or work-product privileges.

Clearly, questions which ask for the content of any communication with counsel need not be answered. On the other hand, questions related to the existence of communications or the fact of involvement of an attorney such as the description of work performed by an attorney or the fact that a meeting or communication took place are not privileged.

Furthermore, inasmuch as counsel was engaged as a fact finder or claims adjuster (prior to denial of the claim), the attorney-client privilege doesn't apply. <u>National Farmers, supra.</u> Therefore, deposition questions aimed at determining whether counsel's communications involved factual issues as opposed to legal advice should be answered. Whether or not any such information is admissible is not the subject of this report and recommendation. If, however, counsel participated in the determination of factual issues in the adjustment of Plaintiff's claim and the determination of coverage denial, Plaintiffs should be entitled to discover such information.

Counsel for Defendants shall permit the depositions of persons involved in the factual determinations leading to the opinion regarding causation and permit answers to deposition questions limited as hereinabove outlined.

The Special Master stands ready to examine, <u>in camera</u>, any documents submitted as above described, and to consider and rule upon any additional discovery requests or disputes.

Inasmuch as it appears that additional issues may be presented to the Special Master, a statement for services does not accompany this Order.

Dated:   January 10, 2007

Respectfully submitted,

*[signature]*
Kenneth E. Barnhill
Special Master

CERTIFICATE OF MAILING

      I certify that on this 10th day of January, 2007, I sent by e-mail and placed in the United States Mail a true and correct copy of the above Order, addressed to the following:

Thomas D. Leland, Esq.
Hale Friesen LLP
1430 Wynkoop Street, Ste. 300
Denver, CO 80202
tleland@halefriesen.com

Ed Joyce, Esq.
Heller Ehrman LLP
Times Square Tower, 7 Times Square
New York, NY 10036
Ed.joyce@hellerehrman.com

William A. Webster, Esq.
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Ave.
Minneapolis, MN 55402
wawebster@rkmc.com