IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLO.

FEB 23 2007

Civil Action No.: 05-cv-01948 PSF/PAC

MARKWEST HYDROCARBON, INC.,
MARKWEST ENERGY PARTNERS, L.P.,
MARKWEST ENERGY APPALACHIA,
L.L.C.

  Plaintiffs,

v.

LIBERTY MUTUAL INAURANCE COMPANY,
BIRMINGHAM FIRE INSURANCE
CMPANY OF PENNSYLVANIA;
ARCH INSURANCE COMPANY; AND
ACE AMERICAN INSURANCE COMPANY,

  Defendants.

## ORDER

   This matter comes before the Special Master upon Plaintiffs' Motion to Compel Production of Equitable Documents.

   The Special Master has received and reviewed Plaintiffs' Motion, Defendants' Memorandum in Opposition to Plaintiffs' Motion, and Plaintiffs' Reply Brief in Support to said Motion. The latter document was received by the Special Master via Fed. Ex. on February 16, 2007, although the filing date was February 8, 2007. The delay in receipt is regrettable but unexplained.

   The Special Master has considered the arguments of counsel and, being fully informed, Orders that all documents and materials regarding the pipeline accident or occurrence that is the basis of this lawsuit received by any Defendants from Equitable or any of its affiliates, whether identified as a "claim", "for information purposes," or otherwise, be produced by Defendants. Plaintiffs' Motion is granted. Such documents and materials must be produced within ten days of the date of this Order.

   I conclude that Defendants refused to produce the requested documents because Plaintiffs failed to use the word "claim" in their request for production. There is substantial evidence that Defendants treated the information much as they would have had it been labeled "claim." Furthermore, it is obvious that the information submitted by Equitable related to the same incident which is the subject of this litigation. The manner in which that information was related by Equitable and the manner in which that information was treated by Defendants is certainly relevant to the issues presented in Plaintiffs'

Complaint and may result in admissible evidence. Defendants' refusal to produce constituted form over substance.

Inasmuch as Defendants' refusal to produce said documents and materials heretofore was based upon an unrealistic and excessively narrow interpretation of Plaintiffs' request, which resulted in unnecessary effort by Plaintiffs' Counsel, attorneys' fees are awarded to Plaintiffs. Plaintiffs shall submit an affidavit of attorneys' fees related solely to work performed in connection with this Motion. Defendants may object to such attorneys' fees requested by Plaintiffs only on the basis of necessity and reasonableness. If any such objection is made, Defendants may request a hearing on that issue alone.

This Special Master has received a Motion to Compel Complete Privilege Log and Production of Claimed Privileged Documents and a Response thereto. I have not received a Reply from Defendants. Defendants are granted ten days from the date of this Order in which to file a Reply, if desired. Thereafter, the Special Master will consider Defendants' said Motion.

Kenneth E. Barnhill
Special Master

Dated: February 19, 2007

Certificate of Mailing

I certify that on the 19th day of February, 2007, I deposited in the United States Mail a copy of the above Order, addressed to the following:

Thomas D. Leland, Esq.
Messner & Reeves, LLC
1430 Wynkoop St., Suite 400
Denver, CO 80202

William A. Webster, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Ave.
Minneapolis, MN 55402

Clerk, United States District Court
Alfred A. Arraj U. S. Court House
Room A
901 19th Street
Denver, CO 80294-3589

Kenneth E. Barnhill