IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 - 2007

GREGORY C. LANGHAM
CLERK

Civil Action No.: 05-cv-01948 PSF/PAC

MARKWEST HYDROCARBON, INC.,
MARKWEST ENERGY PARTNERS, L.P.,
MARKWEST ENERGY APPALACHIA,
L.L.C.

    Plaintiffs,

v.

LIBERTY MUTUAL INAURANCE COMPANY,
BIRMINGHAM FIRE INSURANCE
CMPANY OF PENNSYLVANIA;
ARCH INSURANCE COMPANY; AND
ACE AMERICAN INSURANCE COMPANY,

    Defendants.

## ORDER

    This matter comes on upon Defendants' Motion to Compel Complete Privilege Log and Production of Claimed Privileged Documents. The Special Master has received and reviewed Defendants' Motion and Memorandum in Support, Plaintiffs' Opposition, and Defendants' Reply. Being advised, it is Ordered:

    1.    Plaintiffs raise the issue that Defendants' above referenced Motion was filed two days after the deadline set by the Court for resolution of all discovery matters. Plaintiffs' observation is true and the Motion could be denied on that basis; however, Judge Figa's Order contemplated that the undersigned would handle all discovery matters. Indeed, the Special Master's second order was issued on February 19, 2007, after receipt of Defendants' Response, filed January 24, 2007 and Plaintiffs' Reply dated February 8, 2007. No one has raised an issue regarding timeliness of any of those pleadings or my Order. Furthermore, it is assumed that Judge Figa would prefer that all discovery matters be resolved rather than avoided because of untimeliness. That does not mean that time limits imposed by the Court or the Special Master may be ignored. It only means that I choose to address the issues contained in Defendants' Motion in order that all parties have the benefit of discovery to which each is entitled.

    2.    Defendants' Motion seeks a Complete Privilege Log and certain documents for which Defendants assert no privilege

exists. Defendants' Reply, however, indicates that all Defendants seek is a complete Privilege Log which will allow Defendants to examine the privilege. Defendants state: "The question of whether the documents are discoverable is not the question to be addressed in the instant motion. The question to be addressed here is do the documents need to be listed on a privilege log to allow Defendants to examine the privilege."

3. To the extent that Defendants' Motion relates only to the preparation of a Privilege Log containing reference to all communications relating to compliance with the Corrective Action Order or requirements of the Office of Pipeline Safety or other activities for which Plaintiffs seek compensation, Defendants' Motion is granted. Plaintiffs' Privilege Log shall list all such communications with sufficient explanation of the privilege claimed to make an informed decision regarding the privilege claimed. Such Privilege Log shall be submitted by Plaintiffs within 10 days. This Order does not require production of all such documents at this time. Identification of such documents is required.

4. To the extent Defendants' Motion is intended to address production of specific documents as opposed to preparation of a more detailed Privilege Log, the Special Master is unable to address each document referred to by a check mark made by counsel for Defendants on the Privilege Log submitted by Plaintiffs because of my lack of knowledge of the relationship of specifically identified individuals to Plaintiffs and an inability to identify from the pleadings submitted the basis for Defendants' claim that no privilege exists. Hopefully, Paragraph 5 covers all documents included in Defendants' said designation.

5. The following categories of documents must be produced by Plaintiffs:

   A. All correspondence and documents exchanged with vendors of equipment used in connection with repair of facilities damaged in the incident which is the subject of this lawsuit.
   B. Communications with third parties regarding factual information related to the incident which is the subject of this litigation, except that communications with third parties who were involved in litigation with Plaintiffs arising from the same occurrence need not be produced.
   C. Communications between Plaintiffs and others containing advice or strategy related to action by any governmental agency or any then pending litigation need not be produced.

To the extent that counsel for Plaintiffs believe that factual communications also contain advice or strategy related to any governmental action or any then pending litigation, such documents may be submitted to the Special Master for an *in camera* review.

DATED: 2/25/07

Kenneth E. Barnhill
Special Master

Certificate of Mailing

I certify that on the 25th day of February, 2007, I deposited in the United States Mail a copy of the above Order, addressed to the following:

Thomas D. Leland, Esq.
Messner & Reeves, LLC
1430 Wynkoop St., Suite 400
Denver, CO 80202

William A. Webster, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Ave.
Minneapolis, MN 55402

Clerk, United States District Court
Alfred A. Arraj U. S. Court House
Room A
901 19th Street
Denver, CO 80294-3589

Kenneth E. Barnhill