IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01948-PSF-PAC

MARKWEST HYDROCARBON, INC., et al.

    Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY, et al.

    Defendants.

---

ORDER

---

    The Special Master was, by Minute Order dated November 27, 2007, asked to rule on Defendants' Motion to Compel Inspection of the pipe section which was involved in the leak which caused the explosion on November 8, 2004. Defendants' Motion in Limine, which was included in Defendants' aforesaid Motion, will be decided by Judge Figa after discovery is completed.

    The Special Master was only recently able to obtain a copy of Defendants' Motion, which apparently was filed on November 1, 2007. The Special Master has reviewed and considered said Motion, Plaintiffs' Opposition and Defendants' Reply, filed December 13, 2007.

    Being fully advised, the Special Master makes the following findings, conclusions and Orders:

    There is no question that Defendants elected not to have the relevant pipe section examined by their expert. Plaintiffs advance several cogent arguments related thereto. There is also no question that the time for expert examination or inspection has long since expired. It would therefore be a sustainable conclusion that Defendants' Motion to Compel should be summarily denied. For the reasons set forth hereinafter, I decline so to do.

    This case involves an issue of whether the cause of the explosion was corrosion of the pipe solely or whether it was caused by corrosion (admitted by Plaintiffs), coupled with increased pressure in the pipeline caused by a faulty valve. The jury will not be able to determine the causation without expert testimony. A view of the relevant pipe section by a lay person would not, without expert testimony, enable that person to determine the actual or principal cause of the leak which resulted in the explosion.

    There are numerous sanctions for failure to comply with the Federal Rules of Civil Procedure. Although justified, denial of

Defendants' Motion could be viewed as excessively harsh. I choose a lesser sanction.

Although the time has passed for expert reports, if so desired, Defendants may engage their expert, Rimkus Consulting Group, to conduct a physical examination of the subject pipe section and to thereafter supplement its report, provided that, if such inspection is undertaken, Plaintiffs may thereafter conduct any additional expert examination deemed appropriate, or further depose the Defendants' expert. There is still time before the trial for such examinations to take place.

Albeit untimely, examination or inspection by Defendants' expert will satisfy Defendants' expressed concerns. Such inspection or examination is limited to Defendants' expert Rimkus. It is not intended that, if conducted, any such examination would prevent any argument Plaintiffs may propound regarding Defendants' handling of Plaintiffs' claims.

The sanction which the Special Master elects, as opposed to denial of the Motion, is to permit Plaintiffs, at any appropriate juncture in this proceeding, to petition for attorneys' fees related to Plaintiffs' efforts in resisting Defendants' Motion to Compel Inspection of the pipe.

Kenneth E. Barnhill
Special Master

CERTIFICATE OF MAILING

I hereby certify that on the 29th day of December, 2007, I deposited in the United States Mail a true and correct copy of the above Order, addressed to the following:

Thomas D. Leland, Esq.
Messner & Reeves, LLC
1430 Wynkoop St., Suite 400
Denver, CO 80202

William W. Webster, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Ave.
Minneapolis, MN 55402

Clerk, United States District Court
Alfred A. Arraj U. S. Court House
Room A
901 19th Street
Denver, CO 80294-3589

Kenneth E. Barnhill