IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-01948-RPM-KLM

MARKWEST HYDROCARBON, INC.;
MARKWEST ENERGY PARTNERS, L.P.; and
MARKWEST ENERGY APPALACHIA, L.L.C.,
               Plaintiffs,
v.

LIBERTY MUTUAL INSURANCE COMPANY;
BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA;
ARCH INSURANCE COMPANY; and
ACE AMERICAN INSURANCE COMPANY,

               Defendants.
_____

ORDER ON DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S ORDER
_____

       Upon review of the Defendants' Objections to Special Master's Order (Dkt. #197), filed on November 21, 2007, the response filed on December 11, 2007, (Dkt. #207) and upon examination *in camera* of the six documents in issue, the Court reverses the order, finding and concluding that the documents are privileged.

       The Special Master's order dated November 1, 2007 (Dkt. #188) required production of six documents labeled on the Defendants' privilege log as ACE-0588, ACE-0590, ACE-0594, ACE-0595, ARC-02136, and ARC-02138.

       The Court's review is *de novo*. F.R.Civ.P. 53(f)(3), (4).

       Defendants assert both the attorney-client and work-product privileges protect the documents at issue. Because jurisdiction in this action is based on diversity of citizenship, state law applies to issues of attorney-client privilege. *Frontier Ref., Inc. v. Gorman-Rupp Co.,* 136 F.3d 695, 699 (10th Cir. 1998). The attorney-client privilege in

Colorado is codified in pertinent part as follows: "An attorney shall not be examined without the consent of his client as to any communication made by the client to him or his advice given thereon in the course of professional employment...." C.R.S. § 13-90-107(1)(b). "The privilege extends to confidential communications by or to the client in the course of gaining counsel, advice, or directions with respect to the client's rights or obligations." *Mountain States Tel. & Tel. Co. v. DiFede,* 780 P.2d 533, 541 (Colo. 1989) (citation omitted).

The work-product privilege in diversity cases is governed by federal law as embodied in F.R.Civ.P. 26(b)(3). This privilege generally protects from discovery documents prepared in anticipation of litigation by or for a party or its representatives, including its attorneys. Such documents need not be produced absent a showing by the opposing party that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Even if such a showing has been made, the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation remain protected from disclosure. F.R.Civ.P. 26(b)(3)(B). When an insurance company contends that documents generated in its investigation of a claim are protected work product, it has the burden of demonstrating that the documents were "'prepared or obtained in order to defend the specific claim which already had arisen and, when the documents were prepared or obtained, there was a substantial probability of imminent litigation over the claim, or a lawsuit had already been filed.'" *Stillwell v. Executive Fund Life Ins. Co.,* No. 89-A-245, 1989 WL 78159 (D. Colo. July 12, 1989) (citing *Hawkins v. District Court,* 638 P.2d 1372, 1379 (Colo. L982)).

The six documents at issue reflect notes prepared by claims adjusters employed by two of the defendant insurance companies. Of the portions of these documents ordered produced by the Special Master, one was prepared on August 18, 2005, and the earliest date of the others was September 7, 2005. These dates are significant because MarkWest filed this action on August 12, 2005. The defendants officially denied MarkWest's claim on August 31, 2005. Thus, all but one of the notes were generated after both the denial of the claim and the commencement of this litigation. The majority of these notes specifically reference the litigation, all are clearly related to the claim, and in some cases they reference advice of counsel. The date and content of the notes demonstrate that they were prepared to aid in the defense of specific, ongoing litigation and thus constitute protected work product. The Court need not analyze whether the substantial need/undue hardship exception applies, as MarkWest makes no assertion that it is entitled to the documents under that exception.

The redacted portion of the note dated August 19, 2005, is protected by the attorney-client privilege because it reflects a confidential communication to the client in the course of gaining counsel for advice. Upon the foregoing, it is

ORDERED that the objections are sustained. All redacted portions of the documents labeled on defendants' privilege log as ACE-0588, ACE-0590, ACE-0595, ARC-02136. And ARC-02138 are privileged and the Special Master's order for their production is reversed.

DATED: January 25th, 2008

BY THE COURT:
s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge